```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAVAR COLON,                                     )
                                                 )    AMENDED COMPLAINT
                        Plaintiff,               )
                                                 )    JURY TRIAL DEMANDED
     -against-                                   )
                                                 )    13 Civ. 6435 (JMF)
THE CITY OF NEW YORK; POLICE                     )
DETECTIVE MARTIN CAMPOS, Shield No.              )
00176, POLICE LIEUTENANT DENNIS                  )
CULLEN; POLICE OFFICER JOHN TALAVERA,)
Shield No. 7085; POLICE OFFICER VINCENT          )
KONG, Shield No. 4149; JOHN DOES; RICHARD)
ROES,                                            )
                                                 )
                        Defendants.              )
------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff JAVAR COLON seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on September 7, 2012, within 90 days of the dismissal of the criminal charges against him.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff JAVAR COLON is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible.  Defendant THE CITY OF

NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

    9.    Defendants POLICE DETECTIVE MARTIN CAMPOS, Shield No. 00176, POLICE LIEUTENANT DENNIS CULLEN, POLICE OFFICER JOHN TALAVERA, Shield No. 7085, POLICE OFFICER VINCENT KONG, Shield No. 4149, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE MARTIN CAMPOS, Shield No. 00176, POLICE LIEUTENANT DENNIS CULLEN, POLICE OFFICER JOHN TALAVERA, Shield No. 7085, POLICE OFFICER VINCENT KONG, Shield No. 4149, and JOHN DOES are sued individually.

    10.    Defendants POLICE LIEUTENANT DENNIS CULLEN and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police

officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE LIEUTENANT DENNIS CULLEN and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.	On July 8, 2011, approximately 7 p.m., Plaintiff was driving in a car on 5th Avenue near 108th Street, New York, NY.

12.	When Plaintiff was stopped for a stop light - without any warning and out of nowhere, and without any explanation and without identifying himself in any way as a member of the NYPD - a JOHN DOE member of the NYPD, on information and belief either POLICE DETECTIVE MARTIN CAMPOS or POLICE LIEUTENANT DENNIS CULLEN, smashed the passenger side window of the car with a handgun, sending broken glass into Plaintiff's right eye and into the face of Plaintiff's passenger.

13.	Another JOHN DOE member of the NYPD, on information and belief either POLICE DETECTIVE MARTIN CAMPOS or POLICE LIEUTENANT DENNIS CULLEN, then came to the driver's side window, and told Plaintiff to put the car in park.

14.	Plaintiff complied, and gave this JOHN DOE the key to the ignition.

15.	Plaintiff then stepped out of the car.

4

16. JOHN DOES officers, on information and belief including POLICE DETECTIVE MARTIN CAMPOS and POLICE LIEUTENANT DENNIS CULLEN, then placed Plaintiff in handcuffs.

17. On information and belief, Plaintiff's passenger, unbeknownst to Plaintiff, was apparently wanted on an outstanding warrant of some sort, which was the reason for the police attack.

18. Plaintiff's passenger was also arrested.

19. Both Plaintiff and his passenger were placed, handcuffed, into a NYPD van.

20. Plaintiff was handcuffed with excessive tightness.

21. Plaintiff complained repeatedly about the excessive tightness of his handcuffs, and asked that they be loosened, but his requests were refused by the JOHN DOES officers – on information and belief Defendants POLICE OFFICER JOHN TALAVERA and POLICE OFFICER VINCENT KONG - and he was told to just deal with it.

22. Plaintiff and his passenger were taken to the NYPD 25th Precinct.

23. At the precinct Plaintiff asked numerous times to be taken to the hospital, but his requests were refused by JOHN DOES police officers.

24. Plaintiff was strip searched at the 25th Precinct, including being required to lift his scrotum and spread his buttocks for a visual inspection by JOHN DOES police officers.

25. In the morning Plaintiff was taken to the Manhattan Central Booking facility, and then arraigned at approximately 1 p.m.

26. Bail was set, and it took Plaintiff four days to make bail and be released on July 12, 2011.

27. Plaintiff went to the hospital on July 14, 2011, and had three pieces of glass from the shattered car window removed from his right eye.

28. Plaintiff was falsely charged with one count of violation of Penal Law § 195.05, Obstruction of Governmental Administration in the Second Degree.

29. The Criminal Court Complaint lodged against Plaintiff is signed by POLICE DETECTIVE MARTIN CAMPOS, and falsely alleges that he observed POLICE LIEUTENANT DENNIS CULLEN direct Plaintiff to put Plaintiff's vehicle in park and shut off the engine of the vehicle so that POLICE DETECTIVE MARTIN CAMPOS could arrest Plaintiff's passenger, and that Plaintiff drove the car forward in an attempt to leave the directed stop.

30. These allegations are lies.

31. Plaintiff had to make ten court appearances following arraignment during the pendency of the criminal prosecution.

32. The charge against Plaintiff was finally dismissed in its entirety on June 18, 2012.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

33. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. By their conduct and actions in falsely arresting, strip searching, maliciously prosecuting, abusing process against, assaulting and battering, failing to provide appropriate medical care for, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account and /or evidence surrounding the July 8, 2011 incident regarding,

plaintiff, defendants CAMPOS, CULLEN, TALAVERA, KONG and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

35.  As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

36.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37.  By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers CULLEN and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

38.  As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

39.	The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

40.	At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.	At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

42.	At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

44. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

46. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

47. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. By the actions described above, defendants maliciously prosecuted plaintiff

9

without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, garden variety emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

  a. Compensatory damages;

  b. Punitive damages;

  c. The convening and empanelling of a jury to consider the merits of the claims herein;

  d. Costs and interest and attorney's fees;

  e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          June 2, 2014

                                          _____/S/_____
                                          JEFFREY A. ROTHMAN, Esq.
                                          315 Broadway, Suite 200
                                          New York, New York 10007
                                          (212) 227-2980
                                          Attorney for Plaintiff